**Ray Byron FORD, Plaintiff–Appellant,**

v.

**Michael MARTEL, Defendant–Appellee.**

**No. 06–16994.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 20, 2007 *.

Filed Dec. 28, 2007.

Ray Byron Ford, Delano, CA, pro se.

Kelli Marie Hammond Fax, Constance L. Picciano, Esq., AGCA—Office of the California Attorney General (SAC), Sacramento, CA, for Defendant–Appellee.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

California state prisoner Ray Byron Ford appeals pro se from the district court's summary judgment for defendant in his 42 U.S.C. § 1983 action alleging constitutional violations stemming from a lockdown affecting Muslim inmates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment on Ford's First Amendment claim because Ford did not raise a triable issue as to whether the lockdown was a legitimate action taken by the prison to maintain security or as to whether the lockdown prevented Ford from engaging in religious conduct mandated by his faith. *See Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (outlining criteria for analyzing legitimacy of regulation of religious expression in prison); *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir.1997) (holding prisoner must show defendant burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith).

The district court properly granted summary judgment on Ford's Equal Protection claim because Ford did not raise a triable issue as to whether Martel was motivated by discriminatory intent in ordering the lockdown. *Id.* at 737 (affirming discriminatory intent is an essential element of an Equal Protection claim).

The district court properly granted summary judgment on Ford's Due Process claim because Ford did not raise a triable

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

issue as to whether the temporary lockdown imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Ford's motion for appointment of counsel is denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.